UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW PARKS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, LINDA STERLE, and
BELLAMY CREEK CORRECTIONAL
FACILITY,

    Defendants.
_____/

Case No. 2:20-cv-11673
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDATION
# TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
# (ECF Nos. 18, 23)

## I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Andrew Parks, proceeding *pro se*, is suing defendants the Michigan Department of Corrections (MDOC) and Linda Sterle for events arising out of his incarceration at Bellamy Creek Correctional Facility (Bellamy).[1] Parks alleges that unknown staff at Bellamy interfered with his legal mail. *See* ECF No. 1.

---

[1] Although Parks did not name Bellamy as a discrete defendant in his complaint, the docket sheet reflects that Bellamy is a defendant. It also appears that service

1

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 13). Before the Court is the MDOC and Sterle's motions for summary judgment on the grounds that Parker has failed to exhaust his administrative remedies before filing suit.[2] *See* ECF Nos. 18, 23. For the reasons that follow, the undersigned recommends that both motions be GRANTED.

## II.  Background

Parks submitted a Step I grievance on April 23, 2020 (IBC-20-04-0786-28i), but that grievance was rejected at Step I due to his failure to resolve the issue with staff prior to filing the grievance. (ECF No. 1, PageID.12.) Parks then filed a complaint on June 11, 2020. (ECF. No. 1). The case was subsequently stayed and referred to the prisoner mediation program. (ECF No. 5). The stay was lifted upon granting the MDOC's motion to exclude the case from mediation. (ECF No. 8). The MDOC and Sterle later filed the instant motions. (ECF Nos. 18, 23).

## III.  Summary Judgment

---

was returned as executed on Bellamy, *see* ECF No. 14, but it has not filed an answer or otherwise appeared in the case. However, because the same reasons for recommending dismissal as to the MDOC and Sterle also apply to Bellamy, i.e. a failure to exhaust, the undersigned recommends that Bellamy be *sua sponte* dismissed. 28 U.S.C. § 1915(e).

[2] The MDOC and Sterle also argue that Parks' claims are barred by the Eleventh Amendment. In light of recommending dismissal on the grounds of failure to exhaust, the undersigned declines to address this argument.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Parks is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir.

3

2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

IV.  Analysis

A.  Parks' Failure to Respond

The MDOC filed its motion for summary judgment on January 22, 2021. (ECF No. 18). On January 26, 2021, the Court ordered Parks to respond to the motion by February 17, 2021. (ECF No. 19). On February 11, 2021, Sterle filed a motion for summary judgment. (ECF No. 23). On February 19, 2021, the Court ordered Parks to response to the motion by March 12, 2021. (ECF No. 24). To date, Parks has not responded to either motion and the time for doing so has long passed. Thus, the motions are unopposed.

However, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 Fed. Appx. 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir.

4

2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

B. Legal Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and

produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

For grievable matters, a Michigan prisoner must timely proceed through the three-step process established by the MDOC. *See Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012); MDOC PD 03.02.130 (eff. July 9, 2007, superseded on Mar. 18, 2019). At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days," and if unsuccessful, file a grievance within five business days. MDOC PD 03.02.130(P). At Step II, a prisoner may

6

appeal the denial of the Step I grievance to the warden or other appropriate official within ten business days after receiving the denial. MDOC PD 03.02.130(BB), (DD). At Step III, a prisoner may appeal the Step II denial to MDOC's Grievance and Appeals Section within ten business days after receiving the denial. MDOC PD 03.02.130(FF).

### C. Application

Parks' Step III grievance report indicates that he did not pursue any grievances to Step III prior to filing this lawsuit. *See* ECF No. 1803, PageID.87. Rather, as noted above, Parks submitted a Step I grievance on April 23, 2020 (IBC-20-04-0786-28i), but that grievance was rejected at Step I due to his failure to resolve the issue with staff prior to filing the grievance. *See* ECF No. 1, PageID.12. Parks did not proceed any further in the grievance process. Parks has thus failed to properly exhaust his administrative remedies and his claims against the MDOC and Sterle should be dismissed. *See Woodford*, 548 U.S. at 83.

### V. Conclusion

For the reasons stated above, the undersigned recommends that the MDOC and Sterle's motions be GRANTED and they be DISMISSED WITHOUT PREJUDICE. The undersigned also recommends that Bellamy be *sua sponte* DISMISSED WITHOUT PREJUDICE. *See* n.1, supra.

Dated: May 14, 2021           s/Kimberly G. Altman
Detroit, Michigan          KIMBERLY G. ALTMAN
                                       United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

8

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2021.

s/Marie E. Verlinde<br>
MARIE E. VERLINDE<br>
Case Manager