UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW PARKS,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, LINDA STERLE, and
BELLAMY CREEK CORRECTIONAL
FACILITY,

        Defendants.

Case Number 20-11673
Honorable David M. Lawson
Magistrate Judge Kimberly G. Altman

_____/

**<u>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING MDOC'S MOTION
FOR SUMMARY JUDGMENT, GRANTING STERLE'S MOTION FOR SUMMARY
JUDGMENT, AND DISMISSING COMPLAINT WITHOUT PREJUDICE</u>**

Plaintiff Andrew Parks filed a civil rights complaint under 42 U.S.C. § 1983 on his own behalf (without a lawyer's help) alleging that unknown employees of the Michigan Department of Corrections (MDOC) opened his mail outside of his presence during his incarceration at the Bellamy Creek Correctional Facility, and that defendant Linda Sterle then gave him the opened mail. The Court referred the case to the assigned magistrate judge for all pretrial proceedings. The case subsequently was referred to the prisoner mediation program and stayed. The stay was lifted after the MDOC's motion to exclude the case from mediation was granted.

The MDOC and Sterle then filed separate motions for summary judgment, in which they argued that Parks did not exhaust his administrative remedies before he filed suit because he never completed the three-step grievance process established by the MDOC and that his claims are barred by the Eleventh Amendment. The plaintiff never responded to either motion by the deadlines established by the magistrate judge — February 17, 2021 and March 12, 2021, respectively.

On May 17, 2021, the magistrate judge issued a report recommending that the Court grant both the MDOC's and Sterle's motions and dismiss the complaint against them without prejudice on the grounds that Parks failed to exhaust his administrative remedies before bringing the action. The magistrate judge also observed that although Parks did not name the Bellamy Creek Correctional Facility as a defendant in his complaint, the docket reflects that Bellamy is a defendant, service was returned as executed on Bellamy, but it had not filed an answer or otherwise appeared in the case. Nevertheless, the magistrate judge recommended that the Court dismiss Bellamy without prejudice on its own motion under 18 U.S.C. § 1915(e) for the same reason — the plaintiff's failure to exhaust his administrative remedies.

Parks filed timely objections to the report and recommendation. First, he restates the nature of his complaint: that unknown staff at the Bellamy Correctional Facility interfered with his legal mail and that Sterle gave him the opened mail by sliding it through his cell door. Second, he points out a typographical error in the magistrate judge's report where he was referred to as "Parker" instead of "Parks." Finally, he contends that he did complete the three-step grievance process but that "Bellamy Creek deleted [his third] step on [the] computer," but he does not support that argument with any affidavit or documentation. The defendants have offered nothing further. The matter now is before the Court for fresh review.

I.

As previously noted, this case focuses on events that occurred while Parks was incarcerated at the Bellamy Creek Correctional Facility. He alleges that on April 21, 2020, defendant Sterle slipped his opened mail through his cell door instead of calling him to the control center and opening it in his presence. From that act, he infers that Bellamy Creek staff either must have copied his mail or opened it, then gave it to him. Parks contends that the defendants' actions

violated MDOC Policy Directive 05.03.118 as well as his constitutional rights, but he does not identify which specific right these actions purportedly violated.

Defendants MDOC and Sterle moved for summary judgment, arguing that the plaintiff cannot proceed with his action because he did not exhaust his internal prison administrative remedies before he filed his lawsuit. Exhaustion of those remedies is a prerequisite to bring such an action, and the failure to exhaust them is an affirmative defense that the prison defendants may raise. *Davis v. Michigan Dep't of Corr.*, No. 19-2264, 2020 WL 6364583, at *2 (6th Cir. Sept. 1, 2020) (order). The magistrate judge determined that the plaintiff did not satisfy the exhaustion requirement, and that failure was fatal to his lawsuit. She recommended dismissal without prejudice. The plaintiff filed timely objections to that recommendation and report.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others

will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff's first two objections do not address any relevant finding or conclusion by the magistrate judge. His first labeled objection merely reiterates the factual predicate for his action, but the magistrate judge never discussed those facts in relation to the merits of the case, since the defendants' motions were trained on the plaintiff's procedural failures. The second objection addresses a scrivener's error regarding the spelling of the plaintiff's name, which is substantively insignificant and has no bearing on the soundness of the recommendation.

In his third objection the plaintiff takes issue with the magistrate judge's finding that he did not complete all the steps of the grievance process. It is well settled that "[t]he Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing civil rights suits in federal court." *Davis*, 2020 WL 6364583, at *2 (citing 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007)). "'Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). "A prisoner's failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove." *Davis*, 2020 WL 6364583, at *2 (citing *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)).

The MDOC "provides a three-step grievance process that prisoners must follow to exhaust their administrative remedies." *Dykes v. Fuller*, No. 19-2243, 2020 WL 6257023, at *1 (6th Cir. July 10, 2020) (order). At Step 1, a prisoner must "attempt to resolve the issue with the staff

member involved within two business days," and if unsuccessful, file a grievance within five business days. MDOC PD 03.02.130(P). At Step II, a prisoner may appeal the denial of the Step I grievance to the warden or other appropriate official within ten business days after receiving the denial. MDOC PD 03.02.130(BB), (DD). At Step III, a prisoner may appeal the Step II denial to the MDOC's Grievance and Appeals Section within ten business days after receiving the denial. MDOC PD 03.02.130(FF).

The magistrate judge stated that the plaintiff's grievance report indicates that he did not pursue any grievances at Step III of the process before filing this action. *See* ECF No. 18-3, PageID.87. Instead, he submitted a grievance at Step I on April 23, 2020 (IBC-20-04-28i), but it was rejected due to his failure to resolve the issue with staff before filing the grievance. The plaintiff did not proceed any further in the grievance process and instead elected to file suit.

In his third objection, the plaintiff asserts that he actually did complete the third step of the grievance procedure, but he says that the prison deleted the record. The defendants assert otherwise in their summary judgment motions, but summary judgment on an exhaustion defense "is appropriate only if the defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Lewis*, 2020 WL 5984757, at *1 (quotations omitted).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Sixth Circuit has explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(a), (b). Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009). "The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." 576 F.3d at 558 (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). "Once that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Id.* (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

"Even when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant had met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013). However, when a motion for summary judgment is unopposed, the Court need not "conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). Instead, the Court "may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

The plaintiff's unadorned argument that he took his grievance through all the steps is not enough to resist summary judgment. He has provided no evidentiary support for this allegation, like screenshots or printouts of his record before the alleged deletion or an affidavit. And his objection directly contradicts his complaint, in which he admitted that he "didn't appeal" the rejection of his grievance at Step I. Compl., ECF No. 1, PageID.11. Without any evidence to the contrary, the plaintiff's objection cannot defeat the defendants' summary judgment motions or upset the magistrate judge's recommendation.

III.

The magistrate judge correctly found that the plaintiff failed to exhaust his administrative remedies before filing this lawsuit. The complaint therefore will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the report and recommendations of the magistrate judge (ECF No. 25) is **ADOPTED**. The plaintiff's objections (ECF No. 26) are **OVERRULED**.

It is further **ORDERED** that the motions for summary judgment by defendant MDOC (ECF No. 18) and defendant Sterle's (ECF No. 22) are **GRANTED**.

It is further **ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 7, 2021